Dear Representative Reynolds,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
 Are acquisitions made by a State agency from another State agency subject to the provisions of the Oklahoma Central Purchasing Act, 74 O.S. 2001 Supp. 2002, §§ 85.1-85.45k,[1] including the requirement for competitive bids or proposals?
¶ 1 The Oklahoma Central Purchasing Act, ("Act"), 74 O.S.2001 Supp. 2002, §§ 85.1-85.45k, defines "contracting" to mean "purchasing, renting, leasing, or otherwise obtaining acquisitions from private sources." 74 O.S. Supp. 2002, §85.2[74-85.2](12) (emphasis added). State agencies are public sources, not private ones. Thus, the concept of contracting between two State agencies, by definition, is not included in the Act. In fact, contracts between two State agencies in essence involve only one party, the state of Oklahoma.
¶ 2 State agencies may contract with each other under one of two statutory provisions. Neither statute is part of the Act. The first statutory provision addressing contracts between State agencies, 74 O.S. 2001, § 581[74-581], reads in pertinent part as follows:
 That any department of the state government or any state institution may contract with any other department of state government or institution having under its control the personal services, labor and equipment, machinery or other facilities to perform needed work for or on behalf of the state or its subdivisions, department or institutions, when such work may be performed by the use of machinery, equipment, material and/or labor of the department or institution under its control contracting to furnish such service by the use of such facilities of its own, or those of any institution of the state under its control. The department or institution or subdivision obtaining and receiving such services shall pay or otherwise compensate the department or institution performing the work for the fair value thereof, including the cost of material used and proper compensation by payment or exchange for any personal services, labor, equipment and material employed in performing such work or services[.]
Id.
¶ 3 Section 581 is unchanged since its enactment in 1943 and makes no mention of either the Act or competitive bidding. However, the Department of Central Services has promulgated a rule referencing Section 581, which reads as follows:
 (e) State agency acquisitions from another state agency. A state agency may contract with another state agency pursuant to 74 O.S., Section 581. A state agency shall not make an acquisition with or through another state agency for the purpose of evading competitive bidding provisions of the Oklahoma Central Purchasing Act, rules of the Purchasing Division or State Use Committee.
OAC 580:15-6-11 (2001) (emphasis added).
¶ 4 What this rule prohibits is one State agency using another State agency as a conduit to obtain goods or services from a private party, in an effort to circumvent the competitive bidding procedures; this implies, then, that contracts made under Section 581 are not ordinarily subject to the Act's competitive bidding provisions.
¶ 5 The second statutory provision under which State agencies may contract with each other is 74 O.S. 2001, § 1008[74-1008], which reads as follows:
 A. Any one or more public agencies may contract with any one or more other public agencies to perform any governmental service, activity, or undertaking which any of the public agencies entering into the contract is authorized by law to perform, provided that such contract shall be authorized by the governing body of each party to the contract. Such contract shall set forth fully the purposes, powers, rights, objectives and responsibilities of the contracting parties.
 B. Except as otherwise specifically provided by law, the acquisition of food items or food products by a state public agency from a public trust created pursuant to Sections 176 through 180.56 of Title 60 of the Oklahoma Statutes shall comply with competitive bidding procedures pursuant to Section 85.7 of this title.
Id. (emphasis added).
¶ 6 Section 1008(B) refers to Section 85.7 of the Act, but implies that competitive bidding procedures are not required except when State agencies acquire food items or products from certain public trusts. See also A.G. Opin. 99-65 (stating that Section 1008 "authorizes contracts between state agencies that do not have to be competitively bid"). Id. at 330.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Acquisitions made by a State agency from another State agency are governed by 74 O.S. 2001, §§ 581[74-581] and 1008, and are not subject to the competitive bidding requirements of the Oklahoma Central Purchasing Act, 74 O.S. 2001 Supp. 2002, §§ 85.1-85.45k.
 2. State agencies may not, however, use 74 O.S. 2001, § 581[74-581] to avoid competitive bidding by contracting with another agency as a conduit to pass through goods or services purchased from a private party. OAC 580:15-6-11(e) (2001).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DEBRA SCHWARTZ Assistant Attorney General
[1] Several amendments were made to the Act in the 2003 First Regular Session of the Forty-Ninth Legislature; however, they are not germane here.